**FILED**
**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN UMLAUF, JEFFREY ISAACSON, MICHAEL J. SEXTON, ROBERT QUANSTROM, FRANK LIBBY, KEITH JUTKINS, DAVID PEPPER, MELVIN GRAY, RICHARD A. BAGGIO, TIMOTHY COLEMAN, BENJAMIN JOHNSTON, and TOM RAKOW, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND,<br><br>        Petitioner,<br><br>v.<br><br>MONEX HEALTH CARE SYSTEMS, INC.; PODIATRY NETWORK, INC.; CHIROPRACTIC NETWORK, INC.; ANTI-AGING & COSMETIC INSTITUTE, LTD.; CHICAGO FOOT CLINIC, LTD.; FULLERTON-KIMBALLMARKETING, INC.; MOSHIRI INVESTMENT CORP.; COMPETEX,; and SHAWNI MOSHIRI, Individually and d/b/a CHICAGO CHIROPRACTIC CLINIC<br><br>        Respondents. | **08 C 470**<br><br>**JUDGE ZAGEL**<br>**MAGISTRATE JUDGE VALDEZ** |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioners, Martin Umlauf et al, Trustees of the Chicago Regional Council of Carpenters Welfare Fund, by their attorneys, Collins P. Whitfield and Travis J. Ketterman of Whitfield McGann & Ketterman, move pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* for an Order confirming an arbitration award for monetary relief and for entry of judgment by this Court. In support of the Petition, the Petitioners state:

1. The Claimant Chicago Regional Council of Carpenters Welfare Fund (hereinafter "Welfare Fund") is a self-insured multi-employer welfare plan and trust funded solely by contributions from numerous employers pursuant to

Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters.

2. Martin Umlauf, Jeffrey Isaacson, Michael J. Sexton, Robert Quanstrom, Frank Libby, Keith Jutkins, David Pepper, Richard Baggio, Melvin Gray, Timothy Coleman, Jr., Benjamin Johnston, and Thomas Rakow, are the trustees and fiduciaries of the Welfare Fund.

3. Monex Health Care Systems, Inc. ("Monex") is a dissolved Illinois corporation.

4. Podiatry Network, Inc. ("PNI") is an Illinois corporation.

5. Chiropractic Network, Inc. ("CNI") is an Illinois corporation.

6. PNI provided podiatry services to the Welfare Fund pursuant to a written contract through a network of podiatrists and related providers.

7. CNI provided chiropractic services to the Welfare Fund pursuant to a written contract through a network of chiropractors and related providers.

8. Anti-Aging & Cosmetic Institute, Ltd. is a dissolved Illinois corporation.

9. Chicago Foot Clinic, Ltd. is an Illinois corporation.

10. Fullerton-Kimball Marketing, Inc. is a dissolved Illinois corporation.

11. Moshiri Investment Corp. is a dissolved Illinois corporation.

12. Chicago Chiropractic Clinic is an unincorporated entity.

13. Competex is an Illinois corporation.

14. Shawni Moshiri is an individual who resides in Chicago, Illinois.

15. The matter in controversy constituted a prohibited transaction under the Employee Retirement Income Security Act, 29 U.S.C. §1106, as the Respondents were parties in interest who received Trust Fund assets that the Respondents were not entitled to receive, and the Respondents refused the Trust Fund's demand that those assets be returned. As a result, this court may exercise jurisdiction pursuant to 29 U.S.C. §1132(a)(3).

16. The Trust Fund is administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

17. Pursuant to Section 6 of the Federal Arbitration Act, the Petition for confirmation of the Final Award is being made as a motion to be "heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. §6.

18. The Trust Fund and Respondents PNI and CNI entered into Participation Agreements which stated, "The award of the arbitrator shall be accompanied by a written statement of the basis for such award and may be enforced by any court having proper jurisdiction. The award of the arbitrator shall be final and binding and shall not be subject to *de novo* judicial review." Section 12.11(b).

19. Pursuant to the Participation Agreements, the Trust Fund filed a claim with the American Arbitration Association seeking monetary damages, as well as other damages allowed under the Participation Agreements, including statutory interest, attorney fees, arbitrator fees, witness fees, filing fees, expenses, costs and accounting fees. The original complaint by the Trust Fund included Monex, PNI and CNI.

20. The Arbitrator granted the Trust Fund leave to file an amended

complaint to name additional parties under the theory of piercing the corporate veil / alter ego.  These additional parties were referred as the "Included Parties" during the course of the arbitration.   On May 14, 2006, the Arbitrator ruled that the Included Parties were bound to arbitrate the Trust Fund's claim because the Trust Fund properly pled that the Included Parties were alter egos of PNI and CNI.

21. Dr. Shawni Moshiri is the pivotal connection between all the entities.  Dr. Moshiri owned and controlled Monex, PNI, CNI, Anti-Aging & Cosmetic Institute, Chicago Foot Clinic, Ltd., Fullerton-Kimball Marketing, Inc., Moshiri Investment Corp., Competex, and Chicago Chiropractic Clinic.

22. The additional parties named in the Amended Arbitration Complaint served solely as sham entities that merely served to provide financial resources to Dr. Shawni Moshiri individually.

23. There exists a unity of interest and ownership such that the separate personalities of the Respondents and Dr. Moshiri individually no longer exist.  The circumstances exist such that the adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice and promote inequitable consequences.

24. Dr. Shawni Moshiri maintained a unity of interest with the Respondents such that the following factors exist giving rise to liability under the theory of piercing the corporate veil:

   a) Dr. Moshiri inadequately capitalized the Moshiri entities;
   b) The Moshiri entities failed to observe corporate formalities;
   c) The Moshiri entities failed to pay corporate dividends;
   d) Monex Health Care Systems, Inc., PNI and CNI are insolvent based on the raiding of corporate assets by Dr. Moshiri individually;

e) No other officers or directors performed functions for the Moshiri entities;
f) There exists an absence of corporate records for the Moshiri entities;
g) Dr. Moshiri commingled the assets of the Moshiri entities with his personal assets;
h) Dr. Moshiri diverted assets from the Moshiri entities to his individual use and control to the detriment of the Claimants;
i) Dr. Moshiri failed to maintain an arm-lengths relationship with the Moshiri entities;
j) The Moshiri entities are merely a façade for the operations of Dr. Moshiri personally.

25. On February 1, 2007, the Arbitrator grated a motion for default against the Included Parties, with the exception of CMP Professional Services, Ltd. and Centro Medico Panamericano, Ltd.

26. The Trust Fund did not pursue liability against CMP Professional Services, Ltd. and Centro Medico Panamericano, Ltd. at the arbitration hearing and does not seek any judicial order regarding those two entities in this proceeding.

27. The arbitration hearing on the merits proceeded before Arbitrator Gerald G. Saltarelli on November 5, 6 and 12, 2007. PNI, CNI and Monex were represented by Mark Olson of Stitt Klein Daday Aretos & Giampietro. Dr. Moshiri appeared as a witness at the proceeding, but was unrepresented.

28. The hearing consisted of seven witnesses and 76 exhibits.

29. Following the hearing, the parties submitted various filings related to attorney and other fees, as well as a limited discussion of certain exhibits. The hearing was closed on December 11, 2007.

30. On December 21, 2007, Arbitrator Saltarelli issued a 12 page Final Award, attached as Exhibit A to this Petition.

31. In the Final Award, the Arbitrator awarded the Trust Fund

5

$1,192,409.76 as the principal amount, as well as $217,573.95 in prejudgment interest, $314,309.95 in attorney fees, $8,813 in expert witness fees (for Trilogy Consulting), $13,485.55 in court reporter fees, $10,514.46 for document management fees, $11,250.00 for the administrative filing and case service fees of the American Arbitration Association, and $23,117.94 for the arbitrator's fees and expenses.

32.    In addition, the Final Award confirmed the $8,853.50 in attorney fees previously awarded to the Trust Fund for discovery sanctions.  Moreover, the Final Award allowed the Trust Fund to recover the $22,808.98 representing the fees and expenses paid by the Trust Fund for the Respondents' unpaid debts to the American Arbitration Association.

33.    The Final Award expressly stated that the sums awarded were to be paid within thirty (30) days after the date of the award.  The Final Award included interest on unpaid amounts as provided by law.

34.    The Respondents are jointly and severally liable for the amounts awarded in the Final Award and set forth in paragraphs 31 and 32 of this Petition.

35.    The Final Award was made in accordance with the terms and provisions of the parties' written contract and is proper in all respects.

36.    To date, the Final Award has not been vacated, modified or corrected, and no application to the Arbitrator or a court has been made for such a change.

37.    The Petition for confirmation is brought within one year after the Arbitrator made the Final Award.

WHEREFORE, the Welfare Fund respectfully requests that this Honorable Court:

(a) enter an Order confirming the Arbitrator's Final Award;
(b) enter a Final Judgment pursuant to the Final Award in the amount of $1,823,136.70;
(c) enter an award of post-judgment interest for the period after December 21, 2007 at the appropriate statutory rate;
(d) award such further relief as the Court deems just and equitable.

Respectfully submitted,

MARTIN UMLAUF, JEFFREY ISAACSON, MICHAEL J. SEXTON, ROBERT QUANSTROM, FRANK LIBBY, KEITH JUTKINS, DAVID PEPPER, MELVIN GRAY, RICHARD A. BAGGIO, TIMOTHY COLEMAN, BENJAMIN JOHNSTON, and TOM RAKOW, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND

/s/ Collins P. Whitfield

Collins P. Whitfield (#3004937)
Travis J. Ketterman (6237433)
Whitfield McGann & Ketterman
Attorneys for Petitioner
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700 (312) 251-9701